## Edward Rohan *vs.* Moses P. Hanson & another.

Parol evidence is admissible to show that at the time a promissory note was given by A. to B. for money lent, an agreement was made to pay a certain sum as extra interest, and that all the payments made by A. were for the extra interest, and not upon the note.

If a creditor holds two demands, one lawful and another positively unlawful, as a claim for usurious interest, he cannot apply a general payment by the debtor to the illegal demand; but the debtor himself may so apply it, if he elects so to do.

REPLEVIN for certain articles of personal property mortgaged to the plaintiff by Alvah Blaisdell, June 7, 1849, to secure the payment of a promissory note of that date for $200 in thirty days after date. The defendants had attached the property

on a suit against said Blaisdell, on the 5th July, 1850. Before commencing the suit, the plaintiff demanded the property of the attaching officer, and claimed as due upon said mortgage in pursuance of Rev. Sts. *c.* 90, § 79, the whole amount of the mortgage note. The defendants offered evidence that the said property had been attached in their favor as the property of said Blaisdell, on the 5th day of July, 1850, as aforesaid, and held upon said attachments, until the 6th day of September following, when the attachments were discharged; That said Hanson purchased said property on the 22d day of August, 1850, and that the title thereof came from said Blaisdell; and also offered evidence tending to prove that there had been paid upon said note $216, between its date and the 7th day of March, 1850, in monthly payments of $24 each.

Evidence was offered by the plaintiff to show that at the time said note and mortgage were given, a parol agreement was made between said Blaisdell and the plaintiff, whereby said Blaisdell contracted to pay the plaintiff $24 per month for the use of said $200, until said note was paid; and that the said sums of twenty-four dollars per month had been actually paid upon that contract, and not upon or in satisfaction of said note; to which the defendants' counsel objected; but *Hoar*, J. in the court of common pleas, overruled the objection, and the evidence was received.

The judge instructed the jury that a contract to pay usurious interest is not a void contract, but subjects the party who contracts to receive the excessive interest, to a forfeiture, fixed by the statute, to be deducted in a suit on a contract, upon proper pleadings and specifications, or to a penalty, to be recovered by the party who has paid it, in case it has actually been paid: that if Blaisdell paid the twenty-four dollars per month, upon the agreement to pay extra interest, and no part of it upon the two hundred dollar note, and it was received and appropriated by Rohan towards the extra interest, then the whole note remained unpaid, and the demand was correct; that the party making payments has the right to appropriate them as he pleases at the time he

makes them; that if he does not specifically appropriate them, the party receiving them may at the time apply them as he pleases; but that, in the absence of a specific appropriation, the law would apply the payments to the note and not to the illegal interest. The verdict being for the plaintiff, the defendants excepted to these rulings.

*H. E. Smith & T. L. Wakefield,* for the defendants.

*O. B. Potter,* for the plaintiff.

DEWEY, J. We do not perceive any valid objection to the admission of the oral evidence introduced by the plaintiff. It was not offered to control or modify the written contract executed by the parties, but to establish an independent fact, or show a collateral agreement incidentally connected with the written contract, by way of explaining the receipt of money from the defendant. *Davenport* v. *Mason,* 15 Mass. 90. The case on this point stands thus: The plaintiff seeks to recover the amount of a note of hand originally secured by a mortgage of certain personal property by an action of replevin for the property mortgaged. The defendant sets up the defence of payment of the note, and proves an actual payment of various sums of money to the plaintiff. The receipt of the money is admitted by the plaintiff, but it is alleged that the payments were made upon a distinct and independent contract. It would clearly be competent and proper thus to explain the payments of money, and thereby defeat its application to the note secured by the mortgage. The principle upon which this evidence was admitted, was therefore sound, and the only real question in the case is whether the contract thus shown by the oral evidence was such as would justify the application of the payments to it, in exclusion of the note.

This independent contract was an usurious contract of the grossest character. This contract was wholly illegal, and without any consideration beyond the interest on the note for thirty days. As a contract, it could not have been enforced, and if voluntarily paid, the debtor might recover back three times the amount thus paid for usurious interest. The further inquiry then arises as to the proper rules as to the application

of a payment by a creditor holding two demands, one legal and the other illegal, and whether the instructions were entirely correct as to the rights of the creditor to make such application.

As to the ruling, that if the debtor paid the $24 monthly upon the usurious agreement, and not upon the note, and it was received by the plaintiff as a payment for the usurious interest solely, then no part of it was now to be applied in discharge of the note, and the further ruling that the party making the payment has the right, at the time of making it, to appropriate it to such debt as he elects, they were entirely correct. But the court further instructed the jury, that if the party making the payment does not make the application specifically, then the party receiving the same may, at the time, apply it as he pleases. The rule as to the application by the creditor, it will be seen, is stated without any qualification, or regard to any distinction between cases of various debts or demands, all of which are legal, or cases of a creditor holding several demands, some of which are not only illegal and void, but such, that if payment was received upon them, the same might be recovered back with a heavy penalty, by way of forfeiture for taking the same.

To a certain extent, a creditor holding various demands, may, in the absence of any application of the payment by the debtor, appropriate the same, at the time, to such demands as will be most beneficial to himself. And this has been carried so far in some cases as to allow the creditor to apply the same to demands that were not recoverable at law, when no prohibitory statute exists against such contracts, but they are not the subject of an action, and the party has not the aid of the court of law to enforce them. In these cases the contract is not illegal and void, nor if paid, can the money thus paid, be recovered back. Beyond this class of cases, we are not disposed to concede the right of application by the creditor at his election, when no distinct appropriation has been made by the debtor. The right of election by the creditor in such case, should not embrace contracts which are prohibited by law under heavy penal forfeitures, and payments which may

be at once recovered back from the party receiving them, because illegal. In such cases, when no application has been made by the debtor and there are two demands, one legal and the other illegal, the payment is to be applied to the legal demand, to the exclusion of the illegal. The right of the creditor, therefore, to apply a payment made generally to such demand as he elects, extends only to lawful demands. This view of this question seems to be sustained by the cases of *Caldwell* v. *Wentworth*, 14 N. Hamp. 437 ; and *Bancroft* v. *Dumas*, 21 Verm. 457. See 2 Greenl. Ev. § 533, and cases cited in notes.

On the other hand, if the payment was made by the debtor solely on account of the illegal contract, and so understood by the parties, such application of it is not to be changed. Such application of the payment by the debtor may be shown, either by direct testimony, or may be implied from circumstances, and is a matter to be found by the jury.

The case was submitted to the jury under instructions that would have authorized the jury to find a verdict for the plaintiff, upon the ground of an application by the creditor of the payment to the illegal contract, without the concurrence of the debtor. Such being the state of the case, and the instruction on that point being erroneous, the verdict must be set aside, and a          *New trial granted*